IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**VALERIE SLAUGHTER,**

**Plaintiff,**

v.

**FRED WEBER, INC.
and LOCAL 670,**

**Defendants.**                                                    No. 06-CV-503-DRH

### ORDER

**HERNDON, District Judge:**

#### I. Introduction

This matter comes before the Court on Defendant Laborers Local 670's ("670") motion to dismiss. (Doc. 9.) Plaintiff filed a complaint in this Court on June 23, 2006 alleging race and sex discrimination under **Title VII of the Civil Rights Act of 1964, as amended**, **42 U.S.C. §§ 2005e,** *et seq*, as well as age discrimination under the **Age Discrimination in Employment Act, 29 U.S.C. § 621,** *et seq*. Plaintiff acknowledges that because she was unclear which court was the proper court, on May 18, 2006 – over a month prior to filing this case in this Court – she filed essentially the same complaint in the District Court for the Eastern District of Missouri (Case No. 4-06-CV-00804-ERW).

#### II. Background

Defendant 670 argues in its memorandum in support of its motion to

dismiss (Doc. 10) that this case should be dismissed in this Court because this action is nearly identical – in that it contains the same claims and parties – as the action filed in the Eastern District of Missouri. As such, and because the complaint in the Eastern District of Missouri was filed first, Defendant 670 argues that the Eastern District of Missouri acquired jurisdiction first and, therefore, this action should be dismissed in this Court.

Plaintiff counters that Defendant 670 has also filed a motion to dismiss in the Eastern District of Missouri and that if both motions to dismiss are granted that Plaintiff will be left without a forum to litigate her claims. In the motion pending before the Eastern District of Missouri, Defendant 670 argues that the Eastern District of Missouri should dismiss the case due to lack of personal jurisdiction over Defendant 670 and improper venue or, in the alternative, transfer venue to this Court. Plaintiff requests that the Court stay these proceedings until that motion is decided.

### III.  Analysis

Defendant 670 correctly asserts that a federal lawsuit may be dismissed "for reasons of wise judicial administration , , , whenever it is duplicative of a parallel action already pending in another federal court." ***Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) quoting Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F.Supp. 1210, 1213 (N.D.Ill. 1983).** A suit is considered duplicative of another suit if the "claims, parties, and available relief do

not significantly differ between the two actions." It would be a waste of scarce judicial resources to litigate this present action, which no one denies is essentially identical, in two different forums. Because Plaintiff filed her first complaint in the United States District Court for the Eastern District of Missouri, the Court will dismiss the duplicative case that was subsequently filed in this Court. However, the Court will dismiss Plaintiff's case **without prejudice**. In the event that the Court in the Eastern District of Missouri determines that it lacks personal jurisdiction over Laborers' Local 670, Plaintiff may refile her Complaint as to that Defendant in this Court.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant 670's motion to dismiss (Doc. 9) and **DISMISSES** this entire matter without prejudice.

**IT IS SO ORDERED.**

Signed this 5th day of July, 2007.

/s/     David    RHerndon
**United States District Judge**